UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ESTELLA HERRERA §<br>　　　　Plaintiff §<br>v. §<br>　　　　　　　　　　　§ CIVIL ACTION NO. 1:11-cv-00812<br>GLADWIN MANAGEMENT, INC., §<br>d/b/a SAN GABRIEL APARTMENTS §<br>　　　　Defendant § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Comes Now, Estella Herrera, Plaintiff herein, by and through her attorney of record, Martin J. Cirkiel of Cirkiel & Associates, P.C., and brings this, her *Original Complaint* alleging that Gladwin Management, Inc., which owns and operates San Gabriel Apartments, located at 1100 Leander Road, 78628, violated the various rights of Plaintiff as more specifically pled herein.

### I. STATEMENT OF CLAIM

1. Estella Herrera, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, damages, attorneys' fees, costs, and litigation expenses against Defendant for violations of the Fair Housing Act, 42 U.S.C. §§ 3601–3631 ("FHA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189, ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and Chapter 121 of the Texas Human Resources Code, TEX. HUM. RES. CODE ANN. §§ 121.001–121.011 ("Chapter 121").

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under the ADA, 42 U.S.C. § 12188(a)(1)–(2); under the FHA, 42 U.S.C. § 3613(a)(1)(A); under Section 504, 29 U.S.C. § 794a(a)(2);

and pursuant to 28 U.S.C. §§ 1331 and 2201. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Defendant's actions, inactions, and failure to comply with the ADA, of which Plaintiff complains, all occurred, failed to occur, or threatened to occur in Williamson County, making venue proper in this Court, under 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Estella Herrera is a resident of Georgetown, Texas. She has a disability that limits her mobility. She is a "qualified individual with a disability" as defined by the ADA and a "person with a disability" within the meaning of Chapter 121. Consequently, certain accommodations are necessary to allow her access to public buildings, facilities, accommodations, goods, and services.

5. Defendant Gladwin Management, Inc., a corporation doing business in Texas and in Georgetown, may be served process through its registered agent, Ralph Perry-Miller at 1601 Elm Street, Suite 4600, Dallas, Texas 75201.

### IV. STATEMENT OF FACTS

6. Estella Herrera is 72 years old, suffers from arthritis and complications from a pinched nerve in her leg, and uses a cane or walker for mobility. She lives at San Gabriel Apartments.

7. Defendant owns and operates San Gabriel Apartments in Georgetown, Texas. Defendant leases residential dwelling units in its multi-unit apartment buildings to members of the public. Defendant participates in the U.S. Department of Housing and Urban Development ("HUD") "Section 8" housing assistance program. Defendant's apartment complex is a public accommodation as defined by the ADA, and a public facility as defined by Chapter 121. TEX. HUM. RES. CODE ANN. §121.002.

8. On September 18, 2009, Ms. Herrera was attempting to walk with the assistance of a cane to the parking lot outside of her building at San Gabriel Apartments. When she came to the curb, she was forced to step off of the curb because there was no curb cut or ramp nor was there a railing of any kind.

9. When trying to step off of the curb, Ms. Herrera fell and suffered bodily injury.

10. Ms. Herrera was taken by ambulance to St. David's Hospital – Georgetown, where she was found to have a contusion to the head, abrasions on the left upper extremity and left elbow, an abrasion on her right ankle, and bone tenderness in the right and left elbows. She was also given a CT scan to check for spinal and head injuries.

11. Since the fall, her leg has gotten worse and she has begun to experience pain in her formerly good hip, for which she was given a steroid shot.

12. Furthermore, in or around March of 2010, Ms. Herrera was told that her apartment would be modified to accommodate her disabilities. These modifications were to include lowering the cabinets so that she can reach them, widening the bathroom door so that her walker can fit through, and replacing the carpeting with new flooring that is easier to walk over using her walker. None of these modifications have been made.

13. There is also a lip in the floor at the front doorway of Ms. Herrera's unit. This lip makes it difficult for her to leave her apartment because she must lift her walker over the lip, which she is not usually able to do without assistance.

14. Further, the light in the hallway between Ms. Herrera's living room and bedroom has not worked for over a year. Ms. Herrera has complained about this numerous times but it has not been fixed. This makes it very dangerous for her to walk into her bedroom at night because she must navigate in the dark unless she remembered to leave her bedroom light on to guide her.

## V. CAUSES OF ACTION

### A. Violations of the FHA

15. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2).

16. The FHA requires that covered entities make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common use areas." *Id.* § 3604(f)(3)(B).

17. The Defendant failed to make such reasonable accommodations by failing to have a curb cut outside of Ms. Herera's building, by failing to lower her cabinets, widen her doorways, or change her flooring, by failing to remove the lip at her doorway or cover it with some sort of ramp, and by failing to repair her hallway light.

### B. Violations of Section 504

18. The HUD regulations applying Section 504 state that "no qualified individual with handicaps shall, solely on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity that receives Federal financial assistance from the Department." 24 C.F.R. § 8.4(a).

19. As San Gabriel Apartments is a participant in HUD's "Section 8" housing assistance program, it receives federal assistance from HUD, and is therefore subject to the provisions of Section 504.

20. Section 504 requires that, "Alterations to common areas or parts of facilities that affect accessibility of existing housing facilities shall, to the maximum extent feasible, be made

to be accessible to and usable by individuals with handicaps." *Id*. § 8.23(b)(1).

21. Furthermore, regardless of the existence of any alterations or new construction, facilities receiving Federal financial assistance shall operate each existing housing program so that, "when viewed in its entirety," it "is readily accessible to and usable by individuals with handicaps." *Id*. § 8.24(a).

22. The Uniform Federal Accessibility Standards ("UFAS") are used as the standard for determining the accessibility of design, construction, or alteration of programs and facilities under Section 504. *Id*. § 8.32(a). UFAS is applicable to all design, construction, or alteration taking place on or after July 11, 1988. *Id.*

23. UFAS contains specific guidelines for placement and design of curb cuts, placement of cabinets, types of carpet, and doorways.

24. Defendant has a duty to ensure program accessibility to its facilities, regardless of the timing or extent of any alterations or new construction. This duty extends to making the parking lot and common use areas as accessible as feasibly possible. Defendant has failed to comply with the standards set forth in UFAS.

C. **Violations of Title III of the ADA**

25. In passing the ADA, Congress identified some 43,000,000 Americans, including children, as having one or more disabilities and found that discrimination against individuals with disabilities continues to be a serious and pervasive social problem. 42 U.S.C. § 12101(a)(1)–(2).

26. Congress found that, historically, society tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be endemic. 42 U.S.C. § 12101(a)(2).

27. Congress also found that discrimination against individuals with disabilities persists in

such critical areas as housing, institutionalization, and access to public services. 42 U.S.C. § 12101(a)(3).

28. Among its stated purposes, the ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. § 12101(a)(1)–(2).

29. The ADA entitles individuals with disabilities to "full and equal enjoyment" of the goods, services, facilities, privileges, advantages, or accommodations provided by or at a place of public accommodation. 42 U.S.C. § 12182(a).

30. Defendant's apartment complex is a public accommodation within the meaning of the ADA, because its common use areas and parking lot are open to the general public.

31. The Architectural and Transportation Barriers Compliance Board is empowered by the ADA to issue guidelines "to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204(a)–(b). These guidelines constitute ADAAG.

32. San Gabriel Apartments fails to meet the following ADAAG requirements:

    a. § 4.7.1 states that curb rams complying with 4.7 shall be provided wherever an accessible route crosses a curb.

    b. § 4.3.8 states that an accessible route shall not include stairs, steps, or escalators.

33. Ms. Herrera preserves for complaint any other violation of the ADAAG requirements that further inspection would reveal.

34. Defendant has discriminated against Ms. Herrera due to her disabilities by depriving her, and all those similarly situated, of the full and equal enjoyment of the facilities,

privileges, advantages, or accommodations of her property thereby violating 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201.

### D. <u>Violation of Chapter 121</u>

35. Chapter 121 states that the policy of the state of Texas is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state while achieving maximum personal independence. TEX. HUM. RES. CODE ANN. § 121.001.

36. Furthermore, Chapter 121 explicitly protects the rights of persons with disabilities to full and equal access to all "housing accommodations offered for rent, lease, or compensation." *Id.* § 121.003(g).

37. One of the specific requirements of Chapter 121 is that public facilities must "comply with Article 9102, Revised Statutes" – a reference to the TAS, as promulgated under the Texas Architectural Barriers Act. *Id.* § 121.003(d)(1).

38. San Gabriel Apartments fails to meet these TAS requirements:

    a. § 4.7.1 states that curb ramps complying with 4.7 shall be provided wherever an accessible route crosses a curb.

    b. § 4.3.8 states that an accessible route shall not include stairs, steps, or escalators.

39. Ms. Herrera preserves for complaint any other violation of the TAS requirements that further inspection would reveal.

40. By failing to provide curb ramps in front of Ms. Herrera's apartment, Defendant has denied Ms. Herrera the full and equal enjoyment of its facility.

41. Similar to various federal laws, Chapter 121 also requires that public facilities "make reasonable accommodations in policies, practices, and procedures." *Id.* § 121.003(d)(2). Defendant violated this section when it refused to accommodate Ms. Herrera.

## VI. INJUNCTIVE RELIEF

42. Because Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure and refusal to comply with the FHA, Section 504, ADA and Chapter 121, injunctive relief is necessary to order Defendant to accommodate Plaintiff, and those similarly situated, so as to ensure persons with disabilities have the same right as able-bodied persons to fully use and enjoy the common use areas and dwelling units provided by Defendant.

## VII. DECLARATORY RELIEF

43. Plaintiff is entitled to declaratory judgment concerning Defendant's violations of law, specifying her right as a person with disabilities to reasonable accommodations and access to the common use areas used by him and the public at its apartment complex.

## VIII. DAMAGES

44. Ms. Herrera is entitled to collect damages no less than $100 for each violation of her rights under Chapter 121.  TEX. HUM. RES. CODE ANN. § 121.004(b).  There is no maximum for this penalty. *Id.*

45. Ms. Herrera is entitled to compensatory damages for violation of her rights under Section 504 and the ADA.

## IX. ATTORNEYS' FEES AND COSTS

46. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, as allowed by the ADA, 42 U.S.C. § 1988, 29 U.S.C. §794a, and the Texas Declaratory Judgments Act.

## X. DEMAND FOR JURY TRIAL

47. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in this matter.

## PRAYER

THEREFORE, Plaintiff requests that the Court:

a. Enter declaratory judgment that Defendant's practices, policies, and procedures in the past have prevented, and continue to prevent, Plaintiff from fully and equally accessing San Gabriel Apartments, and discriminate against him, in violation of the FHA, ADA, Section 504, and Chapter 121;

b. Issue a permanent injunction, requiring Defendant, its agents, employees, and all persons acting in concert with Defendant to eliminate all practices described herein that prevent Plaintiff from full and equal access to the dwelling leased to Plaintiff by Defendant;

c. Award Plaintiff compensatory damages for her injuries suffered as a result of Defendant's violations of Section 504 and the ADA;

d. Award Plaintiff at least $100 for each of Defendant's violations of Chapter 121;

e. Find that Plaintiff is the prevailing party in this action, and order Defendant to pay Plaintiff's attorneys' fees, costs, and litigation expenses; and,

f. Grant such other and additional relief to which Plaintiff may be entitled.

Respectfully submitted,

CIRKIEL & ASSOCIATES, P.C.

/s/ Martin J. Cirkiel_____
Martin J. Cirkiel
State Bar No.: 00783829
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com

**ATTORNEY FOR PLAINTIFF**